UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICKIE DIANNE BYRD,

                      Plaintiff,     **No. 6:16-cv-06785(MAT)**
                                           **ORDER**
      -vs-

DUNN TOWERS I, APT'S, PHILLIPONE
REALTY, INC., DUNN TOWERS I
APARTMENTS,

                      Defendants.

---

## I. Background

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action against defendants "Dunn Towers I, Apt's" and "Dunn Towers I Apartments" (collectively, "Dunn Towers I") and Phillipone Realty, Inc. ("Phillipone") by filing a complaint (Dkt #1) dated December 1, 2016, alleging that defendants violated the Fair Housing Act, 42 U.S.C. § 3601 et seq. and generally discriminated against her on the basis of disability. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. Dunn Towers I's Motion to Dismiss is Converted to a Rule 56 Motion

Presently before the Court is the pre-answer motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") filed by Dunn Towers I. Plaintiff did not file any pleadings in opposition to the motion. Philippone did not join in Dunn Towers I's motion.

-1-

Dunn Towers I has submitted an attorney declaration to which is attached a copy of the amended complaint in <u>Byrd v. Grove Street Management Corporation and Barbara Manor, LLC</u>, Civil Action No. 6:16-cv-6017(MAT) (W.D.N.Y.) ("<u>Grove Street/Barbara Manor</u>"), which is currently pending before this Court; and a copy of an judgment signed by County Court Judge James Piampiano on November 24, 2015 ("the County Court Judgment"), in an eviction proceeding commenced by Barbara Manor Apartments, LLC, in Monroe County Court of New York State. Dunn Towers I urges the Court to take judicial notice of these pleadings, and contends that they may be considered in connection with its Rule 12(b)(6) motion.

Upon reviewing the pleadings filed herein, as well as the pertinent caselaw, the Court has elected to exercise its discretion to convert Dunn Towers I's Rule 12(b)(6) motion to dismiss into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. <u>See</u> <u>In re G. & A. Books, Inc.</u>, 770 F.2d 288, 295 (2d Cir. 1985) (noting that Rule 12(b)(6) "permits the district court to consider matters outside the pleadings and to treat a motion for dismissal as one for summary judgment provided 'all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56'"). In general, the Second Circuit has explained, "a district court should give parties specific notice of its intent to convert a motion to dismiss into a motion for summary judgment." <u>Green v. Doukas</u>, 205

F.3d 1322, 2000 WL 236471, at *2 (2d Cir. 2000) (unpublished opn.) (citing In re G. & A. Books, Inc., 770 F.2d at 294-95).

Courts have recognized that, in certain circumstances, explicit notice is not necessary before conversion of a Rule 12(b)(6) motion, Green, 2000 WL 236471, at * 2 (citation omitted), such as where the parties "should reasonably have recognized the possibility that the motion might be converted to one for summary judgment" and were not "taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleading." In re G & A Books, Inc., 770 F.2d at 294–95. Here, the Court finds that in light of Plaintiff's pro se status, the more prudent and efficient course is to issue an order explicitly notifying Plaintiff of the Court's intention to convert Dunn Towers I's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

**III. Phillipone's Answer Is Converted to a Rule 56 Motion**

Similarly, Phillipone's answer reads more like a motion for summary judgment insofar as it argues the burden of proof in a discrimination case. It also attaches documents that, according to Phillipone, show that it did not discriminate against Plaintiff and is entitled to judgment as a matter of law. The Court hereby notifies Plaintiff that it is converting Phillipone's answer into a Rule 56 motion for summary judgment.

## IV. Conclusion and Orders

For the foregoing reasons, the Court hereby explicitly notifies Plaintiff that the Court is converting Dunn Towers I's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. The Court further notifies Plaintiff that it is converting Phillipone's answer into a Rule 56 motion for summary judgment. For Plaintiff's reference, the Court is serving Plaintiff with a copy of the Western District of New York's Rule 56 Notice to Pro Se Litigants, in accordance with Western District of New York Local Rule 56(b) and Irby v. N.Y. City Transit Auth., 262 F.3d 412, 414 (2d Cir. 2001).

Rule 56(c) provides that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing," Fed. R. Civ. P. 56(c), and that the adverse party may serve opposing affidavits, see id. Plaintiff is advised that any opposition papers she wishes to file regarding the converted motions for summary judgment are due 14 days from the date of entry of this Order.

Dunn Towers I and Phillipone will have 7 days from the date Plaintiff files her opposition papers to file replies, should they choose to do so.

Accordingly, it is hereby

**ORDERED** that Dunn Towers I's Rule 12(b)(6) motion is converted into a Rule 56 motion for summary judgment; and it is further

**ORDERED** that Phillipone's answer is converted into a Rule 56 motion for summary judgment; and it is further

**ORDERED** that Plaintiff's opposition papers to the converted motions for summary judgment are **due 14 days from the date of entry of this Order**; and it is further

**ORDERED** that any reply papers by Dunn Towers I and Phillipone are **due 7 days from the date Plaintiff files her opposition papers**, and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order along with a copy of the Western District of New York's "Rule 56 Notice to Pro Se Litigants" upon Plaintiff.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
  HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 15, 2017
         Rochester, New York.