UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKIE DIANNE BYRD,

                        Plaintiff,      **No. 6:16-cv-06785(MAT)**
                                            **DECISION AND ORDER**
        -vs-

DUNN TOWERS I, APT'S, PHILLIPONE
REALTY, INC., DUNN TOWERS I
APARTMENTS,

                        Defendants.
_____

**I.   Background**

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action against defendants "Dunn Towers I, Apt's" and "Dunn Towers I Apartments" (collectively, "Dunn Towers I") and Phillipone Realty, Inc. ("Phillipone") by filing a complaint (Dkt #1) dated December 1, 2016, alleging that defendants violated the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA") and generally discriminated against her on the basis of disability. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

By Decision and Order dated November 15, 2017, the Court converted Dunn Towers I's pre-answer Motion to Dismiss into a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"). Also in the November 15th Decision and Order, the Court converted Phillipone's Answer with its attached exhibits into a Rule 56 motion for summary judgment. Plaintiff was served with a copy of the Western District of New York's Rule 56 Notice to Pro Se Litigants, in accordance with

Western District of New York Local Rule 56(b) and Irby v. N.Y. City Transit Auth., 262 F.3d 412, 414 (2d Cir. 2001).

Plaintiff filed her own Rule 56 Motion for Summary Judgment, to which Dunn Towers I submitted a Reply. Phillipone has not filed any additional papers subsequent to the Court's November 15th Decision and Order. The motions are fully submitted and ready for decision.

## II. Rule 56 Standard

"Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Rodriguez v. Vill. Green Realty, Inc., 788 F.3d 31, 39–40 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Stone v. City of Mount Vernon, 118 F.3d 92, 99 (2d Cir. 1997). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Rodriguez, 78 F.3d at 39 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

**III. Discussion**

    **A.    Overview of Plaintiff's Claims and the Parties**

While Plaintiff's pleadings are rather difficult to decipher, the gist of her Complaint alleges that her rental application was unlawfully denied by Dunn Towers I on the basis of discrimination.

According to its website, Dunn Towers I provides "housing for seniors 62 years of age or over, disabled veterans who submit satisfactory proof of physical and/or mobility eligibility according to the Civil Service Law 'Section 85: Definition of Disabled Veteran', and anyone 18 years of age and older with a physical or mobility disability."[1] Dunn Towers I also denominates itself an Equal Housing Opportunity by its use of the official logo sanctioned by the Department of Housing and Urban Development ("HUD") under the terms of the FHA.[2] Dunn Towers I is managed by Phillipone.

    **B.    Discriminatory Practices Prohibited Under the FHA**

The FHA prohibits discrimination across a spectrum of housing-related activities, including the provision of brokerage services, real estate transactions, and housing sales and rentals. See

---

[1] http://www.dunntower.com/dunn1 (last accessed Jan. 15, 2018).

[2] Fair Housing Advertising guidelines, available at https://www.hud.gov/sites/documents/DOC_7781.PDF (last accessed Jan. 15, 2018). The use of the Equal Housing Opportunity logo serves to "educat[e] the homeseeking public that the property is available to all persons regardless of race, color, religion, sex, handicap, familial status, or national origin." (Id.).

42 U.S.C. §§ 3604-3606. Subject to certain exceptions not applicable here, the FHA makes it "unlawful—

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
>
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.
>
> (d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.
>
> (e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, handicap, familial status, or national origin.
>
> (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--
> (A) that buyer or renter,
> . . .
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--
> (A) that person . . . ."

42 U.S.C. § 3604. Plaintiff does not specify the subsections of Section 3604 under which she seeks relief. Construing her Complaint and motion papers liberally, see, e.g. Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014), Plaintiff appears to be asserting violations of Sections 3604(a), 3604(b), and 3604(f)(1) of Title 42 U.S.C.

In her Complaint, Plaintiff specifically alleges that

> [t]he Defendant Lisa Simmons, the on-site manager of Dunn Tower Apartments, wrote me back a letter stating that my application for housing was not accepted. She allegedly claims that I had a bad credit report which was not true, false. Claim (1) first and foremost you do not need triple A credit to get in disability housing subsidized (HUD) housing, this is federal government housing; (2) my credit report is in fact good. Why wouldn't it be, I pay cash for everything!!!; and (3) Dunn Tower II approved my application this is a fact: conflict of interest!!!
> . . .
> Mrs. Carol Stone, the on site manager at Dunn Tower II is not in fact discriminating against black applicants but Dunn Tower I is!!!? (1) Dunn Tower II on site manager Mrs. Carol Stone processed my application without any problem. Do you keep [sic] the comparison, she approved my application. (2) Like it should have been done by the other site manager Dunn Tower I the defendant Mrs. Lisa Simmons is in fact lying about minorities application = housing discrimination!

(Complaint (Dkt #1)).

As the Second Circuit has explained, claims of housing discrimination are evaluated under the burden-shifting framework articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–03 (1973). Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003) (citing Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1038 (2d Cir. 1979)). The elements of a prima facie case

-5-

of housing discrimination are as follows: (1) the plaintiff is a member of a protected class; (2) the plaintiff sought and was qualified to rent or purchase the housing; (3) the defendant denied the plaintiff the opportunity to rent or purchase the housing; and (4) the housing opportunity remained available to other renters or purchasers. "[O]nce a plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision." Id. (citing McDonnell Douglas Corp., 411 U.S. at 802-03). "If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action." Id. (citing Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000)). Importantly, "although the McDonnell Douglas presumption shifts the burden of *production* to the defendant, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); emphasis and brackets in original). "Summary judgment is appropriate if no reasonable jury could find that the defendant's actions were motivated by discrimination." Mitchell, 350 F.3d at 47 (citing Schnabel, 232 F.3d at 91 (holding that summary judgment was appropriate "for plaintiff has presented no evidence upon which a

reasonable trier of fact could base the conclusion that age was a determinative factor in defendants' decision to fire him")).

For the sole purpose of resolving the pending summary judgment motions, the Court assumes arguendo that Plaintiff has established a prima facie case of discrimination under the FHA.

Dunn Towers I and Phillipone have come forward with a legitimate, non-discriminatory reason to deny Plaintiff's application, namely, that she has a "negative credit history." (Phillipone's Answer (Dkt #6), ¶¶ 5-6 & Exhibits ("Exs.") A, B, & C). The record indicates that on May 31, 2016, Lisa Simmons ("Simmons"), Managing Agent for Phillipone and On-Site Manager for Dunn Towers I, sent Plaintiff a letter (Dkt #6, Ex. A) indicating that her rental application had not been accepted "because a credit check has revealed that [she] ha[s] a negative credit history[,]" which was "verified through TransUnion. . . ." (Id. (citing Dkt #6, Ex. C ("TransUnion Credit Report")). The TransUnion Credit Report (Dkt #6, Ex. C) referenced in Simmons' letter indicates a "high risk fraud alert" for Plaintiff, apparently because her "current file address does not match input address(es)." (Id.). The TransUnion Credit Report also reveals two creditor accounts with past due amounts totaling $407.00, and a December 2015 civil judgment in the amount of $565.00 entered against Plaintiff in favor of Barbara Manor Apartments. (Id.). Simmons' letter provided the address for TransUnion, and suggested that Plaintiff order her

own credit report. (Id.). Simmons also notified Plaintiff that if she disagreed with the decision, she could, within 14 days of her receipt of Simmons' letter, respond in writing or request a meeting with management, at which they could discuss Plaintiff's credit history. (See id.).

Phillipone has submitted excerpts of the "Dunn Towers Apartments Tenant Selection Plan 2016" (Dkt #6, Ex. B), listing the possible reasons rental applicants can be rejected. One of these is that the individual has a "negative credit history" as verified by a credit check performed by TransUnion. (Id.). Courts in this Circuit have found that for purposes of evaluating FHA claims within the McDonnell Douglas burden-shifting framework, a bad credit report constitutes a legitimate, non-discriminatory reason for failing to rent apartment to an applicant. E.g., Mancuso v. Douglas Elliman LLC, 808 F. Supp.2d 606, 620 (S.D.N.Y. 2011) ("Defendants have satisfied their burden [to articulate a legitimate, non-discriminatory reason for failing to rent Apartment 2020 to Mancuso]. . . by adducing evidence that Mancuso's bad credit report dissuaded them from renting to him.") (internal citation omitted).

Furthermore, the federal regulations applicable to HUD housing, such as Dunn Towers I, specifically provides that

> [i]n selection of families for admission to its public housing program, or to occupy a public housing development or unit, the PHA is responsible for screening family behavior and suitability for tenancy. The PHA may

> consider all relevant information, which may include, but is not limited to:
>
> (1) An applicant's past performance in meeting financial obligations, especially rent . . . .

24 C.F.R. § 960.203(c)(1). Here, Defendants have adduced proof that Plaintiff has a poor record of meeting her financial obligations, particularly rent payments. Specifically, the TransUnion Credit Report indicates that Plaintiff has a civil judgment against her owed to Barbara Manor Apartments, and that she is in debt to two other creditors.

Plaintiff purports to show pretext by asserting that her credit report must be good because she pays cash for everything. This is mere unfounded speculation on Plaintiff's part which does not overcome the documentary evidence showing that she has at least one civil money judgment filed against her and two accounts that are past due.

Plaintiff also suggests that discriminatory intent can be inferred because her application at Dunn Towers II was processed without any problem. However, this assertion is contradicted by her own submissions in another lawsuit filed in this Court, <u>Byrd v. Grove Street Management Corporation and Barbara Manor, LLC</u>, Civil Action No. 6:16-cv-06017-MAT (W.D.N.Y.) ("<u>Grove Street</u>"). There, she referenced a November 24, 2015, judgment[3] in a New York State,

---

[3] Dunn Towers I has submitted a copy of it in connection with its converted Motion to Dismiss (Dkt #7), as Exhibit B to the Declaration of Karen Sanders, Esq. (Dkt #7-1).

Monroe County Court summary proceeding, <u>Barbara Manor Apartments v. Byrd</u>, Index No. 2015-12545, pursuant to which an eviction warrant was issued against Plaintiff, and Barbara Manor Apartments was awarded $1,630.00 in back rent, attorneys' fees, and costs. That judgment was entered against Plaintiff in the Monroe County Clerk's Office on December 2, 2015.

Further substantiating Plaintiff's unmet rent obligations are two letters she attached to the First Amended Complaint ("FAC") in the <u>Grove Street</u> case (Dkt #33 in Civil Action No. 6:16-cv-06017-MAT (W.D.N.Y. Aug. 22, 2017) ("<u>Grove Street</u> FAC"). First, there is a letter to Plaintiff dated April 3, 2017, from Dunn Towers II, rejecting her rental application because she owed a "subsidy repayment to current or previous landlord." (<u>See</u> Grove Street FAC, p. 13 of 13). This letter contravenes her assertion in the instant Complaint that her application to Dunn Towers II was accepted without any issue. Second, there is a letter from the Rochester Housing Authority dated April 14, 2017, indicating that Plaintiff's housing application was being placed on hold due to Rochester City Court records that reflected a judgment awarded in favor of Grove Street Management against her in the amount of $565.00. (<u>See</u> <u>Grove Street</u> FAC, p. 12 of 13).

In short, Plaintiff has not proven that the legitimate reasons offered by Dunn Towers I and Phillipone were not their true reasons but instead were a pretext for discrimination. Under the burden-shifting framework applicable to FHA claims, "the ultimate

burden rests with the plaintiff to offer evidence sufficient to support a reasonable inference that prohibited . . . discrimination occurred." Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (quotation omitted). No such inference is reasonable on the present record. In light of all of the evidence the Court has reviewed, Plaintiff has failed to show that a reasonable jury could conclude that discrimination was the real reason her rental application to Dunn Towers I was rejected. Summary judgment is therefore granted to Dunn Towers I and Phillipone with respect to the substantive FHA claims.

In her Motion for Summary Judgment, Plaintiff also appears to assert a procedural violation of the FHA based on the fact that she was not afforded a "fair hearing" after her rental application was rejected. Plaintiff cites no legal authority for the proposition that the FHA automatically entitles her to an administrative hearing. The relevant law, in fact, fails to support her assertion.

In order to obtain a hearing based upon an alleged violation of the FHA, there are a number of steps an aggrieved individual must follow. First, she must file a complaint with the Secretary of HUD within one year of an alleged discriminatory housing practice. See 42 U.S.C. § 3610(a)(1)(A)(i). The filing of an FHA complaint does not necessarily compel a hearing; rather, the Secretary of HUD must "determine . . . whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur." Id., § 3610(g)(1). If the Secretary of HUD makes a finding

that reasonable cause exists, a charge "shall . . . immediately issue . . . on behalf of the aggrieved person . . . ." Id. § 3610(g)(2). It is only after the issuance of a charge of discrimination that the Secretary must provide an opportunity for a hearing on the record before an administrative law judge. Id. § 3612(b). Alternatively, an "aggrieved person" may sidestep HUD completely and simply file suit in federal district court, id. § 3613(a)(1)(A), which is what Plaintiff elected to do here.

Plaintiff is simply incorrect that she was entitled, as a matter of law, to a hearing on the denial of her rental application. Furthermore, she did not follow the procedural steps set out in the FHA to obtain an administrative hearing but instead chose to file suit in federal court, as she was entitled to do. Finally, as noted above, the denial letter (Dkt #6, Ex. A) sent by Simmons on behalf of Dunn Towers I offered Plaintiff the opportunity for a face-to-face meeting. (See id. ("You may, within 14 days after you receive this notice, respond in writing or request a meeting with our management to discuss the response to your application. If you were denied on credit, we advise you to order a recent copy of your credit report so we can discuss it further at the meeting.")). However, it does not appear the Plaintiff availed herself of that opportunity. Plaintiff's procedural claim based on the denial of a hearing under the FHA fails as a matter of law.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied with prejudice; summary judgment is granted in favor of Dunn Towers I on its converted Motion to Dismiss; summary judgment is granted in favor of Phillipone on its converted Answer; and Plaintiff's Complaint is dismissed with prejudice.

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   January 16, 2018
         Rochester, New York.