UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKIE DIANNE BYRD,

                          Plaintiff,      **No. 6:16-cv-06785(MAT)**
                                                               **DECISION AND ORDER**
           -vs-

DUNN TOWERS I, APT'S, PHILLIPONE
REALTY, INC., DUNN TOWERS I
APARTMENTS,

                          Defendants.
_____

**I.   Background**

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action against defendants "Dunn Towers I, Apt's" and "Dunn Towers I Apartments" (collectively, "Dunn Towers I") and Phillipone Realty, Inc. ("Phillipone") by filing a complaint dated December 1, 2016, alleging that defendants violated the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA") and generally discriminated against her on the basis of disability.

On January 16, 2018, the Court issued a Decision and Order (Doc. 17) denying Plaintiff's Motion for Summary Judgment; granting summary judgment in favor of Dunn Towers I on its converted Motion to Dismiss; granting summary judgment in favor of Phillipone on its converted Answer; and dismissing Plaintiff's Complaint with prejudice.

On January 23, 2018, Plaintiff filed a Motion for Reconsideration (Doc. 19). On February 6, 2018, Dunn Towers I filed a Memorandum of Law in Opposition (Doc. 20). Phillipone filed a

Memorandum of Law in Opposition (Doc. No. 21) on February 7, 2018. The reconsideration motion was submitted without oral argument on February 21, 2018. For the reasons discussed below, Plaintiff's motion is denied.

**II. Legal Standard**

Plaintiff asserts that her "motion [is] filed under" Federal Rule of Civil Procedure ("FRCP" or "Rule") 60(b) and Federal Rule of Appellate Procedure ("FRAP") (4)(A)(iv). (See Doc. 1, p. 1 of 2). FRAP (4)(A)(iv) provides that a timely-file motion to alter or amend the judgment under FRCP 59 tolls the running of the period to file a notice of appeal until the FRCP 59 motion is resolved. Although Plaintiff has referred to FRCP 60(b), the Court presumes that she intended to bring the motion under FRCP 59(e), since she specifically cites FRAP 4(A)(iv), which refers to FRCP 59(e) motions, while FRAP 4(a)(vi) refers to relief under FRCP 60(b). Moreover, "where a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under FRCP 59(e), however it may be formally styled.'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir. 1982) (quoting Dove v.Codesco, 569 F.2d 807, 809 (4th Cir. 1978))

"There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. . . . Second, the motion may be granted so

that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law." 11 Fed. Prac. & Proc. Civ., Grounds for Amendment or Alteration of Judgment, § 2810.1 (3d ed.) (footnotes omitted).

The Second Circuit has explained that "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

**III. Discussion**

Plaintiff does not point to controlling decisions or data that the Court overlooked, or present newly discovered or previously unavailable evidence, or assert there has been an intervening change in the controlling law. Instead, she conclusorily asserts that there was "no lawful reason" for dismissing her case, and complains she that was not afforded trial or hearing on her claims, as she requested. Plaintiff mentions "due process" several times in her two-page motion. The Court therefore construes her motion as

attempting to assert that reconsideration is necessary to prevent manifest injustice.

As Defendants argue, Plaintiff continues to labor under the misapprehension that a litigant is entitled as a matter of constitutional law to a hearing or a trial on every complaint filed in Federal court, under all circumstances. This is simply incorrect, and Plaintiff cites no legal authority for this proposition. Indeed, as the Supreme Court recognized in 1986, the Federal Rules of Civil Procedure "have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1; citation omitted)).

Here, Defendants properly "demonstrate[d] in the manner provided by the Rule [governing summary judgment], prior to trial, that [Plaintiff's] claims and defenses have no factual basis." Celotex Corp., 477 U.S. at 327. Plaintiff was provided with notice of the showing she was required to make in order to defeat Defendants' motions for summary judgment, but she failed to establish the existence of *any* genuinely disputed material issues

of fact that would require a trial. The Court therefore adheres to its conclusion that summary judgment was properly granted.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **denied**.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   March 16, 2018
         Rochester, New York.